COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MARYVIEW MEDICAL CENTER
AND
VIRGINIA INSURANCE RECIPROCAL

v.   Record No. 1735-95-1                    MEMORANDUM OPINION*
                                                  PER CURIAM
KATHY ANN SHIRLEY                            JANUARY 11, 1996


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (George J. Dancigers; Colleen T. Dickerson; Heilig,
                McKenry, Fraim & Lollar, on brief), for appellants.

                No brief for appellee.


        Maryview Medical Center ("employer") and its insurer,

Virginia Insurance Reciprocal, contend that the Workers'

Compensation Commission erred in finding that Kathy Ann Shirley

("claimant") sustained a compensable change in condition on

August 8, 1994, rather than a new injury by accident.  Upon

reviewing the record and employer's brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On December 17, 1992, claimant sustained a compensable back

injury while working for employer as a nurse.  On August 8, 1994,

while working for employer, claimant felt back pain while

squatting to apply dressings to an obese patient.[1]  Claimant

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

        [1]On August 8, 1994, an insurance carrier, different from
employer's carrier on December 17, 1992, provided workers'
compensation coverage to employer.

stated that the back pain she experienced on August 8, 1994 was similar to her previous back pain. When she experienced the back pain on August 8, 1994, she was not exerting any force, lifting any weight, or leaning over the patient. Claimant testified that she had suffered from intermittent back pain since her December 17, 1992 injury.

In granting claimant's change in condition application, the commission found as follows:

> The medical records reflect on August 12, 1994, Dr. Wayne T. Johnson, M.D., wrote:
>
>> Mr. (sic) Shirley is seen today for flare up of back pain which she experienced Tuesday three days ago while attempting to move a patient that was fairly large. She experienced a sudden onset of back pain with some pain radiating into her left lower extremity. This is consistent with the discomfort that she has had in the past. Fortunately, with conservative therapy including an anti-inflammatory and rest, the pain has dissipated and she has returned to work.
>>
>> I feel that this is an aggravation of a preexisting condition and does not represent a new problem.

On October 27, 1994, Dr. Johnson again noted "a flare up of back pain she has experienced in the past." On November 8, 1994, Dr. Johnson noted that the claimant was "out of work from October 26, 1994 to November 6, 1994 due to back pain and steroid injections. This was due to a previous injury." An MRI on January 11, 1995 was "unchanged in comparison to the prior

2

examinations."

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

> [A]ggravation of an old injury or pre-existing condition is not, per se, tantamount to a "new injury."  To be a "new injury" the incident giving rise to the aggravation must in itself, satisfy each of the requirements for an "injury by accident arising out of
> . . ." the employment.

<u>First Federal Savings & Loan Ass'n v. Gryder</u>, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989).  "The Commission's finding of fact that [a subsequent] injury was not a new accident is binding on appeal if supported by credible evidence."  <u>Board of Supervisors of Henrico Co. v. Martin</u>, 3 Va. App. 139, 142, 348 S.E.2d 540, 541 (1986).

Claimant's testimony and the opinions expressed by Dr. Johnson constitute credible evidence to support the commission's finding that claimant's back pain and subsequent disability resulted from an aggravation of her previously injured back, rather than a sudden mechanical or structural change in her body.  Thus, credible evidence supports the commission's finding that claimant's back problems resulted from a change in condition, not a new injury by accident.

Accordingly, we affirm the commission's decision.

Affirmed.